

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR10-10046 |
| Plaintiff, | RULE 11(c)(1)(C) PLEA AGREEMENT |
| vs. | |
| RONALD DEAN KEATS, | |
| Defendant. | |

The parties submit the following Plea Agreement to the United States District Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which Agreement was reached pursuant to discussions between the counsel for the United States and the Defendant's attorney. The Agreement is as follows:

A. **ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

B. **PLEA AGREEMENT PROCEDURE:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. That provision authorizes the parties to agree that a specific sentence or sentencing range is the appropriate disposition of the case, which recommendation or request binds the Court once the Court accepts the plea agreement. Here, the United States will request a sentence

within the defendant's calculated guideline range. The defendant will request a variance below that guideline range. The parties agree that if the Court grants the defendant's request for a variance from the defendant's calculated sentencing guideline range, that the defendant shall be sentenced to not less than 36 months of incarceration. The Court may accept this agreement, reject it, or defer a decision until the Court has reviewed the presentence report. Fed. R. Crim. P. 11(c)(3)(A). If the Court accepts the plea agreement, it must inform the defendant that the agreed disposition will be included in the judgment. Fed. R. Crim. P. 11(c)(4). The defendant understands and agrees that if the Court accepts the plea agreement and imposes a sentence of not less than 36 months of incarceration, the defendant will not be permitted to withdraw his plea of guilty. If the Court rejects the plea agreement, the Court, in accordance with the requirements of Rule 11(c)(5), will: inform the parties of its rejection of the plea agreement; afford the defendant an opportunity to withdraw the plea; or, if the defendant persists in the guilty plea, inform the defendant that a final disposition may be less favorable to the defendant than that contemplated by this agreement. The defendant further understands that if the Court rejects the plea agreement, the government also has the right to withdraw from the agreement and to be freed from all obligations under the agreement, and may in its sole discretion bring different or additional charges before the defendant enters any guilty plea in this case. This agreement with respect to the appropriate sentence affects only incarceration. The otherwise applicable statutory and Guideline provisions are applicable to other sentencing incidents, specifically fines, restitution, and terms of supervised release.

C. **PLEA OF GUILTY TO CHARGE:** The Defendant will plead guilty to Count Four of the Indictment filed in this case, which charges a violation of 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography, which carries a maximum sentence of 10 years in prison, a

$250,000 fine, or both, and a period of supervised release of not less than 5 years and up to life. The United States will dismiss the remaining counts in the Indictment at the time of sentencing. If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he would face a mandatory minimum term of 5 years incarceration upon each revocation of supervised release for new felony violations of Chs. 109A, 110, 117, or sections 1201 or 1591 of Title 18, and 2 additional years of incarceration upon revocation for a violation of any condition of supervised release not falling under the aforementioned Title 18 chapters. There is a $100 assessment to the victims' assistance fund. Restitution may also be ordered.

**D. VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1) All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2) The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3) The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E. ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his

-3-

offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

F.  **STIPULATION REGARDING OFFENSE LEVEL:** It is further understood that in connection with the Defendant's plea and sentencing, the United States and the Defendant agree that the following Specific Offense Characteristics pursuant to U.S.S.G. § 2G2.2 apply:

| | |
|---|---|
| 2G2.2(a)(1) Base Offense Level | 18 |
| 2G2.2(b)(2) Prepubescent minor | +2 |
| 2G2.2(b)(4) Sadistic/Masochistic conduct | +4 |
| 2G2.2(b)(6) Use of Computer | +2 |
| 2G2.2(b)(7)(B) 150-300 images | +3 |
| Total | 29 |
| Acceptance of Responsibility | -3 |
| Adjusted Total | 26 |

Although the parties agree that the preceding calculations correctly represent the defendant's Base Offense Level and applicable Specific Offense Characteristics, the defendant reserves the right to request a variance from the defendant's calculated sentencing guideline range.

G.  **TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

H.  **GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE – WITHIN THE GUIDELINE RANGE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report, the parties' agreements, and considering any evidence or arguments submitted at the sentencing hearing. The United States agrees that it will recommend that the Court impose a sentence of imprisonment within the applicable Guideline range. The Defendant understands that any recommendation made by him or the United States is not binding on the Court, except to the extent that the parties agree that if the Court grants the defendant's request for a variance, the Court shall sentence the defendant to not less than 36 months of incarceration. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation that complies with those agreed-upon parameters.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range. For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on the

Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

I. **SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

J. **NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's involvement with possession of child pornography as charged in the indictment. That specifically does not extend to any crimes of which the United States is not currently aware, including the production of child pornography.

K. **SEX OFFENDER REGISTRATION:** The Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The Defendant has been advised, and understands, that failure to comply with these obligations subjects

him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

L. **AGREEMENT TO FORFEIT PROPERTY:** The Defendant agrees to forfeit all interest in the following:

a. Dell Latitude D830 computer, Service Tag #HMBZGD1, including a Western Digital, Scorpio Blue hard drive, serial number WXEX08P43011;
b. a Magnavox CD-R bearing the partial serial number 1LH16432B1;
c. an Imation CD-RW bearing the serial number LD621 MJ31103400;
d. a Magnavox CD-R bearing the serial number 3110MA171LH15249D3;
e. an Imation CD-RW bearing the serial number LD621MJ311030509.

(hereinafter referred to as "the property"). The Defendant waives any claim to any of the above property that is property of the United States Government. The Defendant warrants that he is the sole owner of all of the other property. The Defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

The Defendant further agrees to waive all interest in the property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for the property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of the property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps necessary to pass clear title to the property to the United States, including, but not limited to, surrender of title, the signing of a consent decree, stipulating to facts regarding the transfer and basis for the forfeiture, executing deed or title transfers, and signing any other documents necessary to effectuate such transfers.

**M. BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charge to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**N. WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**O. PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the Criminal Division of the United States Department of Justice, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**P. SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**Q. WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

## SUPPLEMENT TO PLEA AGREEMENT

The parties will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

|  |  |  |
|---|---|---|
|  |  | ANDREW G. OOSTERBAAN<br>CHIEF<br>Child Exploitation and Obscenity Section<br>Criminal Division<br>U.S. Department of Justice |
| 3/21/12<br>Date | By: | _[signature]_<br>Keith A. Becker<br>Trial Attorney |
| 3/23/12<br>Date |  | _[signature]_<br>Ronald Dean Keats<br>Defendant |
| 3/22/12<br>Date |  | _[signature]_<br>David Palmer<br>Attorney for Defendant |